IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| DAVID EARL BURGESS, ) | |
| ) | CIVIL ACTION NO. 0:06-664-CMC-BM |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| DR. WHITAKER, in their individual ) | |
| personal and official capacity; SIMON ) | |
| MAJOR, JR., in their individual personal ) | |
| and official capacity, ) | |
| ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, who at the time this action was filed was a pretrial detainee at the Sumter-Lee Regional Detention Center, alleges violations of his constitutional rights by the named Defendants.

The Defendants filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on October 19, 2006. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on October 23, 2006, advising Plaintiff of the importance of a motion for summary judgment and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion may be granted, thereby ending his case. However, notwithstanding the specific warning and notice as set forth in the Court's Roseboro order, Plaintiff has failed to file any response to the Defendants' motion, which is now

before the Court for disposition.[1]

## Background and Evidence

Plaintiff alleges in his verified Complaint[2] that on or about November 2004, while he was a pretrial detainee at the Sumter-Lee Regional Detention Center, he began having problems with his toe. Plaintiff attests that "from on or about November 2004 through July 2005,...he was seen on and off by [the Defendant] Dr. Whitaker, who did nothing to [remedy] the problem." Plaintiff alleges he filed grievances to the Defendant Director Simon Major, and also confronted Director Major as well as Major Maggie Lane personally, to no avail.

Plaintiff further alleges that in July 2005, Major Lane "went around" Dr. Whitaker and made an appointment with a foot specialist through his aunt. Plaintiff alleges that he was then taken to a foot specialist on or about August 12, 2005, "who immediately took Plaintiff into surgery because of [illegible] two infect[ed] ingrown toenails." Plaintiff alleges that this foot specialist removed the complete toenail off of his left and right big toes, drained fluid from the toe, and had Plaintiff placed on antibiotics. Plaintiff alleges that this foot specialist then instructed Dr. Whitaker that if either of his toes continued to bleed or started bleeding, that Plaintiff was to be returned to his office.

Plaintiff alleges that on or about August 15, 2005 his right toe started to bleed and

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendants have filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[2] In this Circuit, verified complaints by pro se litigants are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). Plaintiff has filed a verified Complaint. Therefore, even though Plaintiff failed to respond to the motion for summary judgment, the undersigned has considered the factual allegations set forth in the verified Complaint in issuing a recommendation in this case.

2

oozed puss, but that Dr. Whitaker told him that he would "try to treat this myself". Plaintiff also alleges that Whitaker was upset with him for having gone to a foot specialist because Plaintiff didn't like his services. Plaintiff alleges that "this very day" he is being denied proper medical care by Dr. Whitaker, who refuses to send him back to the foot specialist, and that his toe is still "bleeding and oozing puss as of this date." Plaintiff alleges that this conduct by Dr. Whitaker, and the Defendant Major's refusal to do anything to help him, has violated his constitutional rights. Plaintiff seeks declaratory and/or injunctive relief, as well as monetary damages. See generally, verified Complaint.

In support of summary judgment in the case, Dr. Whitaker has submitted an affidavit wherein he attests that he is a medical doctor licensed to practice medicine in the State of South Carolina. Dr. Whitaker attests that during the time period relevant to Plaintiff's allegations he provided contract medical services for the Sumter-Lee Regional Detention Center, but that his contract has since expired and he no longer provides services for this facility. Dr. Whitaker attests that, when Plaintiff began complaining of problems with ingrown toenails in his great toes, he treated Plaintiff intensively and conservatively. Whitaker attests that it was clear that Plaintiff had had ingrown toenails for years, but that there had been no surgical intervention in the recent past, and that the continued with this method of treatment. Whitaker attests that he monitored the progress of Plaintiff's ingrown toenails, and that while Plaintiff's condition may have warranted surgery in the future, he did not feel that surgery was a particularly viable option at that time, and that his condition could have been treated conservatively for a long period of time. Whitaker attests that, in his medical opinion, continuation of treatment and having surgery at a later date would cause no damage to the Plaintiff.

Dr. Whitaker further attests that his opinion concerning the proper treatment for

3

Plaintiff's condition was influenced by his suspension that there was a possibility that Plaintiff may have a vascular disease, and that such a condition could hamper the healing process after a surgical procedure. Further, knots on Plaintiff's toes with an overgrowth of healthy skin indicated a pattern of problems with ingrown toenails flaring up, and then clearing up on its own. Whitaker attests that it was not his decision to have surgery performed, as Plaintiff had that arranged through other means, which was certainly his right, and that when Plaintiff was returned after surgery, he had Plaintiff's post-operative instructions followed and also provided the antibiotic medicine prescribed by Plaintiff's foot specialist. Whitaker attests that, in addition to following the foot specialist's instructions, he continued to address the Plaintiff's medical condition regarding his ingrown nails, as well as all the other medical problems that Plaintiff complained of.

Whitaker attests that, while it is his opinion to a reasonable degree of medical certainty that conservative treatment was the best option for the Plaintiff in reference to his ingrown toenails, he is not criticizing the foot specialist. Rather, he simply had a different medical opinion as to the best course of treatment for the Plaintiff. Whitaker attests that, while Plaintiff was not in agreement with his position, it was clear to him that this had been the method of treatment the foot specialist had followed regarding Plaintiff's condition for some time, that Plaintiff had been seen by the specialist a short time before his incarceration and a conservative regimen had been prescribed by the specialist, and that he had continued this regimen. Whitaker attests that all instructions received from the foot specialist after Plaintiff's surgery were followed and, post-surgery, he continued to provide Plaintiff with the best care possible. See generally, Whitaker Affidavit.

The Defendant Simon Major has also submitted an affidavit, wherein he attests that he is the Director of the Sumter-Lee Regional Detention Center. Major attests that while he is a



4

professional in the administration of detention facilities, he has no expertise whatsoever in evaluating medical conditions of detainees. Major attests that this is the reason medical professionals are brought to the facility; to treat any medical ailments suffered by detainees. Major attests that it is the goal of the Sumter-Lee Regional Detention Center to provide the best care for its detainees, that that is the reason medical professionals are provided for detainees, and that it is necessary for him to defer to the medical professionals on site if any complaints are made concerning the care of a detainee. Major also attests that it was through his subordinate Maggie Lane that Plaintiff was able to schedule an appointment with a foot doctor for surgery on his ingrown toenails. Major attests that he has no opinion as to whether this was medically the best solution for the Plaintiff as, again, he has no expertise in this area, but that since Plaintiff desired this medical attention, it was provided for him. See generally, Major Affidavit.

Finally, in addition to these affidavits, the Defendants have provided copies of Plaintiff's medical records, requests for assistance, and progress notes.

### Discussion

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P. Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405



5

U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

As a pretrial detainee, Plaintiff's claim is governed by the Fourteenth Amendment, not the Eighth Amendment. See Belcher v. Oliver, 898 F.2d 32, 34 (4th Cir. 1990). "The Fourteenth Amendment right of pretrial detainees, like the Eighth Amendment right of convicted prisoners, requires that government officials not be deliberately indifferent to any serious...needs of the detainee." Belcher, 898 F.2d at 34; see also Ingraham v. Wright, 430 U.S. 651, 673 (1977); Shrader v. White, 761 F.2d 975, 977-978 (4th Cir. 1985). Hence, in order to avoid summary judgment on his claims, Plaintiff has to present evidence sufficient to create a genuine issue of fact as to whether the actions and conduct of which he complains meet this standard and rise to the level of a constitutional magnitude, and if he fails to do so, the Defendants will be entitled to summary judgment. After careful review and consideration of the factual allegations of Plaintiff's verified Complaint, together with the affidavits and other evidence submitted by the Defendants, the undersigned finds and concludes that Plaintiff has not met his burden of establishing a genuine issue of fact as to whether his constitutional rights have been violated, and that the Defendants are therefore entitled to summary judgment.

As noted, the standard is whether either one of the named Defendants was deliberately indifferent to Plaintiff's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Sosebee v. Murphy, 797 F.2d 179 (4th Cir. 1986); Wester v. Jones, 554 F.2d 1285 (4th Cir. 1977); Russell v. Sheffer, 528 F.2d 318 (4th Cir. 1975). In deciding this issue, it is important to remember that whether

6

or not Plaintiff was provided with the care he *desired* is immaterial. Jackson v. Fair, 846 F.2d 811, 817 (1st Cir. 1988) [the Constitution "does not guarantee to a prisoner the treatment of his choice."]; see also Brown v. Thompson, 868 F.Supp. 326, 329-330, n. 2 (S.D.Ga. 1994). There is no evidence of deliberate indifference on the part of either of the named party Defendants in this case. Specifically with respect to the Defendant Major, Plaintiff's only allegations against this Defendant are that, in response to his complaints and grievances, Major deferred to Dr. Whitaker with respect to the care he was receiving for his condition. Plaintiff has presented no evidence to show that Major knew, or would have had any way of knowing, that the medical care being provided to him did not meet the standard of care or constituted deliberate indifference to his serious medical needs, assuming that to have in fact been the case. See Shakka v. Smith, 71 F.3d 162, 167 (4th Cir. 1995) [officials entitled to rely on judgment of medical personnel]; Miltier v. Beorn, 896 F.2d 848, 854 (4th Cir. 1990) [officials entitled to rely on expertise of medical personnel]. As such, there is no basis for a finding of liability on the part of the Defendant Major based on the evidence before the Court, even if the Court were to otherwise find sufficient evidence that Dr. Whitaker was deliberately indifferent to Plaintiff's serious medical needs, and Major is therefore entitled to dismissal as a party Defendant.

Even with respect to the remaining Defendant, Dr. Whitaker, Plaintiff has failed to present sufficient evidence to proceed to trial on his claim. While Plaintiff complains in a general and conclusory manner in his Complaint about Dr. Whitaker's actions and treatment, his assertions therein that this treatment constituted a "willful[ ] and intentional disregard" of Plaintiff's need for medical attention and that Whitaker treated him improperly with "deliberate indifference" to his medical needs are mere lay conclusory opinions which are not required to be accepted by this Court. House v. New Castle County, 824 F.Supp. 477, 485 (D.Md. 1993) [Plaintiff's conclusory allegations

7

insufficient to maintain claim]. See Papasan v. Allain, 478 U.S. 265, 286 (1986) [Courts need not assume the truth of legal conclusions couched as factual allegations]; Bender v. Surburban Hospital, Inc., 159 F.3d 186 (4th Cir. 1998); Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987) ["Even though pro se litigants are held to less stringent pleading standards than attorneys the court is not required to 'accept as true legal conclusions or unwarranted factual inferences.'"]. Plaintiff is not a physician, and he has provided no medical evidence to support the general and conclusory claims of his Complaint.

Conversely, the Defendants have submitted evidence from Dr. Whitaker, a licensed physician, as well as voluminous copies of Plaintiff's medical records, all of which reflect Plaintiff's repeated history of being seen and evaluated by medical personnel at the Detention Center for his medical conditions and complaints. Indeed, Plaintiff himself concedes in his verified Complaint that he received treatment for his medical condition; Plaintiff is simply dissatisfied with the medical care he received. Mere disagreement between the Plaintiff and Dr. Whitaker, or even between Dr. Whitaker and Plaintiff's "foot specialist", about the seriousness of his medical complaints or the course of his treatment does not constitute deliberate indifference on the part of Dr. Whitaker or the detention facility's medical personnel. Lamb v. Maschner, 633 F.Supp. 351, 353 (D.Kan. 1986). "Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice." Jackson, 846 F.2d at 817; see also White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990) ["If a plaintiff's disagreement with a doctor's professional judgment does not state a violation of the Eighth Amendment, then certainly no claim is stated when a doctor disagrees with the professional judgment of another doctor."]; cf. Buckner v. Warden, No. 92-6228, 1993 WL 62065 at **2 (4th Cir. Mar. 9, 1993)

["Regardless of whether there might be another doctor who might agree with [plaintiff] on this point, this is not a record on which a claim for deliberate indifference by the state officials is shown to any degree"], cert. denied, 510 U.S. 842 (1993).

Plaintiff has provided no medical evidence from his "foot specialist" or anyone else to counter the medical evidence presented by the Defendants, and while Plaintiff obviously feels strongly about the course of treatment he should have received for his condition, he is not, as previously noted, a doctor, and his lay opinion that he should have received additional or different treatment than the treatment he received from Dr. Whitaker is not in and of itself sufficient to create a genuine issue of fact as to whether he was or is being denied proper medical care. Plaintiff's failure to submit any relative or probative evidence, or to even respond to Defendants' motion and evidence, is fatal to his claim. House, 824 F.Supp. at 485 [Plaintiff's conclusory allegations insufficient to maintain claim]. See also Estelle, 429 U.S. at 105; Harris v. Thigpen, 941 F.2d 1495, 1505-1507 (11th Cir. 1991); see Levy v. State of Ill. Dept. of Corrections, No. 96-4705, 1997 WL 112833 (N.D.Ill. March 11, 1997) ["A defendant acts with deliberate indifference only if he or she 'knows of and disregards' an excessive risk to inmate health or safety.'"], quoting Farmer v. Brennen, 511 U.S. 825, 837 (1994). Therefore, no constitutional claim sufficient to survive summary judgment has been presented.

Finally, even if the Court were to find that the evidence was sufficient to create an issue of fact as to whether Dr. Whitaker has been *negligent* with respect to his treatment of the Plaintiff (a finding which the undersigned does not make), Plaintiff's claim would still be subject to dismissal, since negligent or incorrect medical treatment is not actionable under 42 U.S.C. § 1983. Estelle, 429 U.S. at 106. Negligence, in general, is not actionable under § 1983. See Daniels v.



Williams, 474 U.S. 327, 328-336 & n. 3 (1986); Davidson v. Cannon, 474 U.S. 344, 345-348 (1986); Ruefly v. Landon, 825 F.2d 792, 793-794 (4th Cir. 1987). Similarly, medical malpractice is not actionable under § 1983. Estelle, 429 U.S. at 106 ["medical malpractice does not become a constitutional violation merely because the victim is a prisoner."]. Section 1983 simply does not impose liability for violations of duties of care arising under state law. DeShaney v. Winnebago County Dep't of Social Servs., 489 U.S. 189, 200-203 (1989); Daniels v. Williams, supra [Jailers may owe a special duty of care to those in their custody under state tort law,...but...we reject the contention that the Due Process Clause of the Fourteenth Amendment embraces such a tort law concept]; Baker v. McClellan, 443 U.S. 137, 146 (1976) [§ 1983 claim does not lie for violation of state law duty of care]; Paul v. Davis, 424 U.S. 693, 697 (1976); see also Brooks v. Celeste, 39 F.3d 125 (6th Cir. 1994); Sellers v. Henman, 41 F.3d 1100 (7th Cir. 1994); White v. Napoleon, 897 F.2d 103, 108-109 (3d Cir. 1990); Smart v. Villar, 547 F.2d 112 (10th Cir. 1976) [affirming summary dismissal].

Claims of negligence and medical malpractice are actionable under South Carolina law; see Roberts v. Hunter, 426 S.E.2d 797, 799-800 (S.C. 1993); and Plaintiff can seek relief in state court for medical malpractice or negligent medical treatment under the South Carolina Tort Claims Act, South Carolina Code Ann. § 15-78-10 et. seq. See South Carolina Code Ann. § 15-78-30(a); Browning v. Hartvigsen, 414 S.E.2d 115, 116-118 & nn. 1-2 (S.C. 1992). However, while Plaintiff may or may not have a common law claim for medical malpractice with regard to his treatment, or some further administrative remedy to pursue, he may not maintain a claim under the United States Constitution based on the allegations of his Complaint and the evidence presented. Farmer v. Brennan, supra; see also Thompson v. County of Medina, 29 F.3d 238 (6th Cir. 1994).



10

## Conclusion

Summary judgment is appropriate where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). Based on the foregoing, it is recommended that the Defendants' motion for summary judgment be **granted**, and that this case be **dismissed**.

The parties are referred to the Notice Page attached hereto.

Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

March 9, 2007

11

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

12

